**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Alex Peterson,

                        Plaintiff,

                                              Civ. No. 10-530 (RHK/FLN)
v.                                           **ORDER**

Weinerman & Associates, LLC,

                        Defendants.

      This matter is before the Court on the Motion of Defendant Weinerman & Associates, LLC ("Weinerman") to Vacate Judgment (Doc. No. 12). For the reasons set forth below, the Motion will be granted.

      The Complaint in this case alleges that Weinerman, a debt-collection company, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, through several communications directed toward Plaintiff Alex Peterson. Peterson commenced this action on February 24, 2010, and effected service on Weinerman a short time later – of this there is no dispute. What *is* disputed is the service of various papers thereafter, which is at the heart of the current Motion.

      According to Weinerman, it prepared a *pro se* Answer to the Complaint, which it served by mail on Peterson's counsel on May 12, 2010. (Sartori Aff. ¶¶ 3-4.)[1] Weinerman's office manager, Lisa Sartori, claims that she "specifically recall[s] placing

---

[1] The Court ignores for present purposes that a corporation or other artificial entity, like Weinerman (a limited liability company), may not appear *pro se*. E.g., Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983) (*per curiam*).

the envelope in the mail" (id. ¶ 4), although there is no other evidence – such as a postal-service receipt, photocopy of the postage-affixed envelope, etc. – indicating that the Answer was in fact mailed. Peterson's counsel, Trista Roy, Esq., avers that she never received the Answer and disputes its mailing, labeling Sartori's assertion to the contrary a "fraudulent recent fabrication." (Roy Aff. ¶ 5.)

Because Roy (allegedly) did not receive Weinerman's Answer, she filed a Motion for Default Judgment on June 10, 2010. The Certificate of Service for the default papers (Doc. No. 8) indicates that Roy "*will* cause the [papers] to be served upon Defendant[]" (emphasis added), although it does not specify how service would be accomplished.[2] Roy now claims that the default papers were served by regular mail, certified mail, and facsimile (albeit 12 days later). (Roy Aff. ¶ 7.) Not surprisingly, Weinerman disputes that it received the default papers.

Troubling to the Court is some of the evidence Roy has submitted as proof of service, in particular a certified mail receipt. That receipt is nearly blank – no addressee information has been filled in and no postal-service stamp (indicating mailing) has been affixed thereto. (Id. Ex. 1.) Roy also avers that she has been unable to locate the return-receipt "green card" – the card signed by an addressee upon delivery of certified mail. (Id. ¶ 7.) But perhaps most troubling of all, the Court has entered the receipt's serial number in the "tracking" section of the postal service's website (usps.com), and there is no record of any mailing with that serial number.

---

[2] The Court does not consider this to be a certificate of "service" at all, which should be filed only *after* service has been accomplished. See generally Fed. R. Civ. P. 5.

In any event, Weinerman ultimately did not respond to the default Motion, which it now blames on its failure to receive the Motion papers. Its non-response led the Court to enter a default judgment against it for more than $30,000. (Doc. No. 10.) Weinerman now moves to set aside the default judgment and have the matter heard on the merits.

At the outset, the Court expresses its dismay over the conduct on both sides of this litigation. Suffice it to say, some of the contentions tendered in connection with the instant Motion, as recounted (in part) above, strain credulity. It would have been simple for Roy or Weinerman to obtain proof of mailing and/or proof of receipt of the various papers they claim to have served on one another. For instance, the undersigned notes (and Peterson points to) a default judgment entered against Weinerman in a different case pending before this Court, <u>Kupfer v. Weinerman & Associates, LLC</u>, Civ. No. 10-918 (PAM/JSM). The Affidavit of Service of the default papers in that action, however, attaches *three certified-mail receipts signed by Sartori*. (<u>See</u> Doc. No. 6, Exs. A-C in Civ. No. 10-918.) Proof of service in that case would be nearly impossible to refute. Here, there is no similar evidence – at best, the Court is presented with a "she said, she said" situation.

Under the circumstances, however, the Court concludes that it is appropriate to vacate the default judgment. Federal Rule of Civil Procedure 60(b)(1) authorizes a court to set aside a judgment for "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect, upon which Weinerman relies, is an "elastic concept" that "turn[s] on all [the] relevant circumstances," including *inter alia* the length of the delay in seeking relief from the judgment, the reason for the delay, and whether the movant acted in good

faith. Jefferson v. Hicks, 364 F. App'x 281, 283 (8th Cir. 2010) (*per curiam*). The delay here – approximately 4 months between the judgment being entered and the instant Motion being filed – was relatively short, and Weinerman moved quickly to vacate the judgment upon learning that Peterson was taking steps to enforce it. Moreover, there are serious questions whether the default papers were properly served and, hence, whether Weinerman had an opportunity to defend itself before judgment entered. The amount of the judgment is substantial, and the Court perceives little prejudice Peterson will suffer if it is vacated. See Hoover v. Valley W. DM, 823 F.2d 227, 230 (8th Cir. 1987). And, the Eighth Circuit has repeatedly noted that default judgments are disfavored and adjudication of cases on the merits is preferred. E.g., Kurka v. Ia. Cnty., Ia., __ F.3d __, 2010 WL 5093624, at *5 (8th Cir. Dec. 15, 2010); Chorosevic v. MetLife Choices, 600 F.3d 934, 947 (8th Cir. 2010).

To be clear, the Court does not countenance the conduct described above. Nevertheless, it believes that the circumstances warrant the relief Weinerman seeks. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Vacate Judgment (Doc. No. 12) is **GRANTED**, and the Judgment in this action (Doc. No. 10) is **VACATED**. Weinerman shall serve and file its Answer within five days of the date of this Order. Given the current procedural posture of this case, the parties are **DIRECTED** to contact Magistrate Judge Noel to schedule a settlement conference.

Date: January 6, 2011                    s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge